IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil No. 07-cv-15-WDS |
| | ) |
| ROGER T. SCHULTZ and | ) |
| AMANDA B. SCHULTZ, | ) |
| | ) |
| Defendants. | ) |

**JUDGMENT DECREE AND ORDER**
**DIRECTING SALE OF MORTGAGED PROPERTY**

**STIEHL, District Judge:**

On January 8, 2007, the United States of America ("the USA") commenced the above-captioned mortgage foreclosure suit against Defendants. The parcel of property in question is located in Lawrenceville, Illinois, which lies within this Judicial District. Defendants were properly served herein but failed to move, answer or otherwise plead in response to the complaint. Based on that failure, the USA secured the Clerk's entry of default on April 16, 2007, pursuant to Federal Rule of Civil Procedure 55(a).

Now before this court is the USA's motion for default judgment under Rule 55(b). Having carefully reviewed the record, the Court **GRANTS** the motion for default judgment (Doc. 9), after **FINDING** as follows:

1     This Court has jurisdiction of the parties to and subject matter of this suit. Defendants were properly served and having failed to answer or otherwise enter any appearance herein are properly defaulted.

2.     The USA through the United States Department of Agriculture, Rural Development (formerly Farmers Home Administration), made a loan to Roger T. Schultz and Amanda B. Schultz,

secured by a mortgage dated December 27, 2002 (Exh. A to complaint), in the total principal amount of $54,100.00. The mortgage was recorded on December 30, 2002 and filed in Lawrence County, Illinois, recorded in Book 514, Pages 62-68, as Document No. 0058425.  The loan is evidenced by a promissory note dated December 27, 2002 (Exh. B).  Defendants, Roger T. Schultz and Amanda B. Schultz, defaulted on the note.  On July 6, 2006, the USA, acting through the United States Department of Agriculture, Rural Development, issued a notice of acceleration (Exh. C).

3. The following persons may have claimed an interest in the above described property, but are foreclosed from asserting their claim, if any, because of their default in this action:  Roger T. Schultz and Amanda B. Schultz

4. By virtue of the mortgage and indebtedness thereby secured, the USA has a valid and subsisting lien as follows:

> Common address: Route 3, Box 257, Lawrenceville, Illinois  62439
>
> A tract of land out of the Northwest Quarter of the Northeast Quarter of Section 20, Township 4 North, Range 11 West of the 2nd P.M., more particularly described as follows:  Beginning at a point 218 feet West of the Northeast corner of the Northwest Quarter of the Northeast Quarter, thence South 230 feet, thence West 195 feet, thence North 230 feet, thence East 195 feet, to the place of beginning, situated in the County of Lawrence, in the State of Illinois; EXCEPT any interest in the coal, oil, gas and other minerals underlying the land which have been heretofore conveyed or reserved in prior conveyances, and all rights and easements in favor of the estate of said coal, oil, gas and other minerals, if any.
>
> Tax ID No. 06-000-292-10

5. By virtue of the mortgage and the indebtedness thereby secured, as alleged in the complaint, the following amounts are due to the USA:

(a)     U.S. Attorney's docket and recording fees . . . . .   $ 385.00

            U.S. Marshals costs for service of summons . . .   $    8.00

            Title expenses                                      $   125.00

            TOTAL                                                  $   518.00

(b)     For the use and benefit of the USA, holder of the note secured by the mortgage aforesaid, but subject and subordinate to the lien for payment of the items mentioned in subparagraph (a) of this paragraph:

            Unpaid principal balance . . . . . . . . . . . . . . . . . .   $53,801.78

            Accrued interest at $8.8503 per day due and
            unpaid as of April 25, 2007 . . . . . . . . . . . . . . . .   $ 4,160.67

            Total amount due plaintiff as of April 25, 2007,
            exclusive of foreclosure costs . . . . . . . . . . . . . .   $57,962.45

(c)     In addition, the USA may be compelled to advance various sums of money in payment of costs, fees, expenses and disbursements incurred in connection with the foreclosure, including, without limiting the generality of the foregoing, filing fees, stenographer's fees, witness fees, costs of publication, costs of procuring and preparing documentary evidence and costs of procuring abstracts of title, certificates, foreclosure minutes and a title insurance policy.

(d)     Under the terms of the mortgage, all such advances, costs and other fees, expenses and disbursements are made a lien upon the mortgaged property, and the USA is entitled to recover all such advances, costs, expenses and disbursements, together with interest on all advances at the rate provided in the mortgage, or, if no rate is provided therein, at the statutory judgment rate, from the date on which such advances are made.

(e)     In order to protect the lien of the mortgage, it may or has become necessary for USA to pay taxes and assessments which have been or may be levied upon the mortgaged property.

(f)     In order to protect and preserve the mortgaged property, it may also become necessary for the plaintiff to make such repairs to the property as may reasonably be deemed for the proper preservation thereof.

(g)     Under the terms of the mortgage, any money so paid or expended has or will

become an additional indebtedness secured by the mortgage and will bear interest from the date such monies are advanced at the rate provided in the mortgage, or, if no rate is provided, at the statutory judgment rate.

6. Lawrence County, Illinois, has a valid lien on the above-described property for tax for the year 2006, and the property will be sold subject to the interest of Lawrence County, resulting from taxes, general or special, which are a valid lien against the property.

Accordingly the Court **GRANTS** the USA's motion for default judgment (Doc. 9). **JUDGMENT IS HEREBY ENTERED** against Roger T. Schultz and Amanda B. Schultz, for $58,480.45. Unless the defendants and their assigns and successors in interest to the above-described property pay to the USA, acting through the Farmers Home Administration, United States Department of Agriculture, within three days from the date of this Judgment and Order Directing Sale of Mortgaged Property is entered on the docket, the sum of $58,480.45 with attorney's fees and court costs with lawful interest to be computed thereon from this date until paid, the property described in paragraph 4 of this Judgment and Order Directing Sale of Mortgaged Property **SHALL BE SOLD AT PUBLIC SALE** to the highest bidder for 10% at time of sale and balance within 72 hours, subject to taxes, general or special, due and owing to Lawrence County, Illinois, by the United States Marshal for the Southern District of Illinois at the front door of the Lawrence County Courthouse in the City of Lawrenceville, Illinois.

The property shall be sold free and clear of any claimed lien of Roger T. Schultz and Amanda B. Schultz.

The United States Marshal for the Southern District of Illinois will give public notice of the time, place, and terms of such sale, together with a description of the premises as referred to in paragraph 4 of this Judgment and Order Directing Sale of Mortgaged Property to be sold, by previously publishing the same once each week for three consecutive weeks as provided by law in

a secular newspaper of general publication in the State of Illinois, the first publication to be not less than four weeks before the date of such sale. The United States Marshal may adjourn the sale so advertised by giving public notice by proclamation.

The plaintiff or any party to this case may become the purchaser or purchasers at such sale. Upon the sale being made, the United States Marshal shall execute and deliver to the purchaser or purchasers a certificate of sale, which certificate shall be freely assignable by endorsement thereon.

The amount required to redeem shall consist of the total balance due as declared above plus interest thereon at the statutory rate hereunder and all additional costs and other expenses allowed by the Court.

If the purchaser at the judicial sale of residential property is a mortgagor who is a party to this proceeding or its nominee, and if the sale price is less than the amount required to redeem specified in 735 ILCS § 5/15-1604, an owner of redemption has a special right to redeem for a period ending 30 days after the date the sale is confirmed by paying the mortgagee the sale price plus all additional costs and expenses incurred by the mortgagee set forth in the report of sale and confirmed by this Court.

The redemption period shall end at the later of the expiration of any reinstatement period provided for in 735 ILCS § 5/15-1602 or the date 60 days after the date the Judgment and Order Directing Sale of Mortgaged Property is entered since the value of the mortgaged property as of the date of the Judgment and Order Directing Sale of Mortgaged Property is less than 90% of the amount due, and the mortgagee waives any and all rights to a personal deficiency judgment against the mortgagor and against all other persons liable for the indebtedness or other obligations secured by the mortgage.

Out of the proceeds of sale, the United States Marshal shall retain his disbursements and fees.

Out of the remainder of the proceeds he shall pay to the USA $58,480.45, together with lawful interest to be computed thereon to the date of this Judgment and Order Directing Sale of Mortgaged Property and any Court costs of this action.

The United States Marshal shall take receipts from the respective parties from whom he may make payments aforesaid and file the same together with his Report of Sale to this Court. If the property shall sell for a sum more than sufficient to make the aforesaid payments, then after making the payments, the United States Marshal shall bring any surplus monies into Court without delay for further distribution by order of this Court.

From the date of entry of this Judgment and Order Directing Sale of Mortgaged Property through the 30th day after a foreclosure sale is confirmed by this Court, the mortgagors shall be entitled to retain possession of the above-described property.

After the 30th day the foreclosure sale is confirmed, the holder of the Certificate of Sale **shall be entitled to immediate possession** of the property, upon payment of the sale purchase price, without notice to any party or further order of Court. The mortgagors shall peaceably surrender possession of the property to the certificate holder immediately upon expiration of the 30-day time period. In default of mortgagors so doing, an Order of Ejectment shall issue.

Upon or after confirmation of sale, the person who conducted the sale or the Court shall execute a deed to the holder of the Certificate of Sale sufficient to convey title, which deed shall identify the Court and the caption of the case in which judgment was entered authorizing issuance of the deed. Signature and the recital in the deed of the title or authority of the person signing the deed as grantor, of authority pursuant to this Judgment and Order Directing Sale of Mortgaged Property, and of the giving of the notices required by statute shall be sufficient proof of the facts

recited and of such authority to execute the deed, but the deed shall not be construed to contain any covenant on the part of the person executing it.

Delivery of the deed executed on the sale of the property, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass the title thereto. The conveyance shall be an entire bar of (I) all claims of parties to the foreclosure and (ii) all claims of any non-record claimant who is given notice of the foreclosure as provided by statute.

If the monies from the sale are insufficient to pay sums due to the USA with interest after deducting the costs, the United States Marshal shall specify the amount of the deficiency in his report.

The Court **RETAINS JURISDICTION** of the subject matter and the parties hereto for the purpose of enforcing this Judgment and Order Directing Sale of Mortgaged Property, and the United States Marshal shall report his actions to this Court at the earliest possible time.

IT IS SO ORDERED.

DATED this 31st day of May, 2007

s/*WILLIAM D. STIEHL*
United States District Judge